IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| ALBERT R. CHAMBERS, | : | |
| **Plaintiff**, | : | |
| v. | : | Civil Action No. 5:09-cv-54 (HL) |
| MIDLAND MORTGAGE, INC., | : | |
| **Defendant**. | : | |

# **ORDER**

Plaintiff, Albert R. Chambers, proceeding pro se, filed a complaint in this Court on February 9, 2009. At the time he filed his complaint, Chambers did not pay a filing fee. Instead, Chambers seeks leave to proceed without prepayment of filing fees, and has filed an affidavit in support of his request to do so.

Pursuant to 28 U.S.C. § 1915(a), a district court may authorize the commencement of a civil suit without prepayment of fees if the court finds that a party is unable to pay the fees. Section 1915 also provides, however, that notwithstanding any filing fee that may have been paid, a district court must dismiss a case at any time if it determines the case is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2). If a plaintiff is allowed to proceed without prepayment of fees, and if his case survives initial review, the Court will direct that service be made on the appropriate Defendant.

In this case, the Court finds that it lacks even the most basic information from

which it can make certain necessary determinations about the case.  For example, Chambers alleges his complaint is brought pursuant to diversity jurisdiction because he "appears to be a citizen of the State of Georgia" (Compl. at 2.) and Defendant Midland Mortgage Inc. is a citizen of the State of California with its principal place of business in California. He alleges the amount in controversy is satisfied because his claim involves a promissory note signed in 2004 in the amount of $319,920.00. However, Chambers fails to explain what cause of action it is that he brings under diversity jurisdiction.

Chambers also alleges the Court has federal question jurisdiction.  He vaguely invokes federal provisions such as the Truth in Lending Act and the Fair Debt Collection Act,  but fails to plead facts sufficient to inform the Court as to what conduct of Midland Mortgage violated these Acts.  Chambers also vaguely asserts that Midland Mortgage violated the Constitution but fails to plead facts to support this claim.

Chambers' pleadings are deficient in other respects.  For example, Chambers has failed to plead information sufficient to enable this Court to determine whether venue is proper in this Court.  In his Affidavit, Chambers states that he resides in Covington, Georgia, which is located in Newton County, Georgia.  He has not, however, pleaded any information that would show that venue is proper in this district, such as where the events giving rise to the claim occurred, or where the Defendant resides, as set forth at 28 U.S.C. § 1391. Neither has he provided the Court with information that would allow the Court to perfect service on Defendant, such as the

name and address of Midland Mortgage's registered agent for service, should this Court allow the case to go forward.

The Court could require Chambers to correct these deficiencies by amending his pleadings. However, given this Court's experience in such matters, and the state of the pleadings already filed, the Court is of the opinion that such a course of action would ultimately prove unsatisfactory. Instead, the Court believes that the better course would be to require Chambers to appear in court and to state for the record what his allegations are as to this Defendant and to require him to provide under oath the information necessary to make a determination as to whether he should be allowed to proceed without prepayment of fees and whether his case should be allowed to go forward. Unfortunately, the Court's calendar is so busy that it could take months before a hearing could be scheduled. Rather than allow this matter to sit on the docket for an extended period of time, the Court believes that the better course is to refer the matter to a Magistrate Judge.

In accordance with the foregoing, therefore, the Court hereby refers this case to the Magistrate Judge for the limited purpose of having Chambers appear in court and for the Magistrate Judge to obtain from Chambers, under oath, the above-noted information and any such other information the Magistrate Judge might deem appropriate. A record of the proceedings is to be made from which the Court will make the determinations necessary to this case. The Magistrate Judge is requested to hold the hearing as expeditiously as possible.

**SO ORDERED**, this the 11th day of February, 2009.


*s/ Hugh Lawson*
**HUGH LAWSON, JUDGE**

mls